**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KAREN HUGHES,**

            **Plaintiff,**

-vs-                                                Case No. 6:08-cv-76-Orl-31KRS

**AETNA LIFE INSURANCE COMPANY,**

            **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 4) filed by the Defendant, Aetna Life Insurance Company ("Aetna"), the response to that motion (Doc. 20) filed by the Plaintiff, Karen Hughes ("Hughes"), the Motion to Amend/Correct the Complaint (Doc. 16) filed by Hughes, and the response (Doc. 24) to that motion filed by Aetna.

Hughes originally filed suit in state court, seeking a declaratory judgment and money damages for Aetna's alleged refusal to pay for a replacement prosthetic limb. (Doc. 3 at 1-2). Although Hughes raised only state law claims – declaratory judgment, breach of contract, and statutory bad faith – in her complaint, Aetna removed the case to this court on the grounds that the claims arose under an employee welfare benefit plan and were therefore preempted by ERISA. (Doc. 1 at 2). Aetna subsequently filed a motion to dismiss (Doc. 4) on the same grounds.[1]

---

[1] Aetna also filed motions to strike Hughes' jury demand (Doc. 5) and her request for attorney's fees (Doc. 6) from the Complaint for the same reasons.

Hughes responded by filing a motion to amend (Doc. 16) her complaint, eliminating the state law claims and raising ERISA claims in their stead.

Aetna did not object to this amendment; however, Hughes' proposed amended complaint added an additional plaintiff – Mobile Prothetics and Orthotics, Inc. ("MPO") – whose joinder Aetna opposes on multiple grounds.  Aetna argues that Hughes has moved under Rule 15, which cannot be utilized to add a party; that MPO is not a plan participant or beneficiary and therefore lacks standing to bring an ERISA claim; and that MPO is a party to an "Ancillary Services Agreement" (Doc. 24 at 12-24) that requires it to arbitrate any claims it might have against Aetna.  Because these arguments arose in response to Hughes' motion to amend, Hughes has not had an opportunity to respond to them.  As Aetna does not object to Hughes' efforts to transform her state claims into ERISA claims, that portion of her motion will be granted, thereby mooting Aetna's motions to dismiss and strike.  If Hughes subsequently wishes to add MPO as a party, she may file a motion to do so under the appropriate Rule of Civil Procedure.

In consideration of the foregoing, it is hereby **ORDERED** that  the  the Motion to Amend/Correct the Complaint (Doc. 16) filed by the Plaintiff, Karen Hughes, is **GRANTED IN PART** and **DENIED IN PART**.  Not more than ten days after the date of this order, Hughes shall file an amended complaint substantially in the form of the proposed amended complaint attached to her motion, but with herself as the sole plaintiff.  In all other respects, the motion is **DENIED**.  In addition, the Motion to Dismiss the Complaint (Doc. 4), the Motion to Strike the Jury Demand

(5), and the Motion to Strike Plaintiff's Demand for Attorney's Fees (Doc. 6) filed by the Defendant, Aetna Life Insurance Company, are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 25, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party